## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION (COLUMBUS)

| | | |
|---|---|---|
| **LORI ARNOTT,** | : | **Case No.** |
| 4134 Marcinko Road | : | |
| Reedsville, Ohio 45772 | : | **Judge** |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| **HOLZER HEALTH SYSTEM,** | : | **COMPLAINT AND** |
| 100 Jackson Pike | : | **JURY DEMAND** |
| Gallipolis, Ohio 45631 | : | |
| | : | |
| Defendant. | : | |

## INTRODUCTION

1. This is an action for disability discrimination in violation of the Americans with Disabilities Act as amended (ADAAA), 42 U.S.C. §12101 *et seq*. and O.R.C. § 4112.02(A). Plaintiff also retaliation in violation of 42 U.S.C. §12203 and O.R.C. § 4112.02 (I); retaliation in violation of the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2615; breach of contract; and the failure to provide continuation coverage under COBRA, 29 U.S.C. §1161, *et seq.*

## JURISDICTION AND VENUE

2. The jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1331 and § 1332 as there is a federal question. The court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Pursuant to Rule 82.1 for the Southern District of Ohio and 28 U.S.C. § 1391, venue in this district proper because Defendant resides in and the acts complained of occurred in Gallia and Athens County, Ohio.

## PARTIES

4. Plaintiff is a former employee of Defendant Holzer Health System. Plaintiff worked as a Family Nurse Practitioner.

5. Defendant is an employer as defined in 42 U.S.C. § 12111(5), O.R.C. § 4112.01 (2) and 29 U.S.C. § 2611 (4) and was Plaintiff's employer at all times relevant to this action.

## FACTS

6. Defendant hired Plaintiff in April of 2012.

7. Plaintiff suffers from an impairment that is a disability as defined by the Americans with Disabilities Act and Ohio Revised Code.

8. In 2020, Plaintiff began to use protected intermittent leave under the FMLA due to her own serious health condition.

9. In July of 2021, Plaintiff and Defendant entered an "Advanced Practice Provider Employment Agreement" (Agreement). Pursuant to the Agreement, Defendant was required to provide 90-days prior written notice to Plaintiff in the event of a termination that was not for cause. A copy of the Agreement is attached as Appendix A. [1]

10. In March of 2022, Plaintiff suffered an acute event due to her condition that left her temporarily unable to work. Plaintiff sought leave under Defendant's policies, and she applied for short-term disability benefits.

---

[1] Plaintiff's salary has been redacted.

11. Plaintiff provided Defendant with a note from her doctor with an anticipated return to work date of September 8, 2022.

12. On about April 15, 2022, Plaintiff exhausted her leave under the under the FMLA.

13. On May 23, 2022, Defendant sent Plaintiff a letter providing 90 days' notice of her termination pursuant to the Agreement.

14. In a separate letter dated May 23, 2022, Defendant advised Plaintiff that according to the Agreement, she would continue to receive salary continuation and benefits through August 22, 2022, the date of the end of her working relationship with Holzer.

15. Prior to terminating Plaintiff, no one from Defendant contacted her to engage in the interactive process required under the ADA to determine if her anticipated return to work date would be shortened; to determine if additional leave would be necessary; or to discuss how she could be accommodated.

16. Reasonable accommodations, including an extension of her leave of absence, if necessary, were available that would have avoided Plaintiff's termination.

17. Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) and has exhausted her administrative remedies under both federal and state law. The EEOC issued a notice of right to sue on or after October 3, 2022.

## COUNT I
**(Disability Discrimination)**

18. Plaintiff incorporates Paragraphs 1-17 as if fully restated.

19. Plaintiff is a qualified individual with a disability as set forth in 42 U.S.C. § 12111(8), 42 U.S.C. § 12102 and O.R.C. § 4112.01 (13). Defendant failed to accommodate Plaintiff and failed to engage in the interactive process to address an accommodation of Plaintiff's disability. In addition,

Holzer took adverse actions against Plaintiff, including terminating her employment, because of her disability in violation of federal law. Further, in violation of Ohio law, Defendant terminated Plaintiff, at least in part, due to her disability.

20. Defendant's conduct violated the ADA and O.R.C. §4112.02 (A) as enforced through O.R.C. § 4112.99.

## COUNT II
### (Disability Retaliation)

21. Plaintiff incorporates Paragraphs 1-20 as if fully restated herein.

22. Plaintiff engaged in protected conduct when she requested time off and leave as a reasonable accommodation. Defendant retaliated against Plaintiff by terminating her employment.

23. The foregoing conduct violates 42 U.S.C. § 12203 and O.R.C. § 4112.01(I) as enforced through O.R.C. § 4112.99.

## COUNT III
### (FMLA Retaliation)

24. Plaintiff incorporates Paragraphs 1-23 as if fully restated herein.

25. Plaintiff engaged in protected conduct by taking leave under the FMLA. Holzer was aware of Plaintiff's protected conduct and terminated her shortly after the expiration of her FMLA leave.

26. Holzer violated 29 U.S.C. § 2615 (a) by discriminating against Plaintiff for her use of protected leave. Defendant's conduct was willful.

## COUNT IV
### (Breach of Contract and
### Violation of the Duty of Good Faith and Fair Dealing)

27. Plaintiff incorporates Paragraphs 1-26 as it fully restated.

28. Pursuant to the terms of the Agreement, Defendant was required to provide 90 days' pay and benefits to Plaintiff prior to termination. Defendant initially agreed to pay the amounts due, but only if Plaintiff signed a release of claims, which was not a condition for receipt of the notice pay and benefits set forth in the Agreement.

29. Defendant later refused to provide any pay or benefits to Plaintiff as required by the Agreement.

30. Defendant has breached the Agreement. Further, Defendant's conduct violated the duty of good faith and fair dealing implied in all contracts.

## COUNT V
### (Breach of Contract for Productivity Bonus Payments)

31. Plaintiff incorporates Paragraphs 1-30 as it fully restated.

32. During Plaintiff's employment, Defendant had a bonus agreement with Plaintiff which provided additional compensation for Plaintiff based on her productivity.

33. In April of 2022, Defendant notified Plaintiff that it had incorrectly applied the productivity bonus formula during the previous ten years of her employment. Rather than calculating the productivity bonus beginning with Plaintiff seeing her first patient of each year, Defendant began to pay the bonus to Plaintiff only after she reached $100,000 of annual billings. Defendant acknowledged its error in calculating the bonus and advised Plaintiff that it would correct the payments moving forward. However, Defendant refused to pay Plaintiff for any past due amounts that had been earned.

34. Defendant has violated the contract for the productivity bonus. As a result of Defendant's breach, Plaintiff is due approximately $30,000 for earned but unpaid bonuses.

## COUNT V
### (Failure to Provide Continuation Coverage
### COBRA – 29 U.S.C. §1161, *et seq*.)

35. Plaintiff incorporates Paragraphs 1-34 as it fully restated.

36. Plaintiff's termination of employment constituted a "qualifying event" within the meaning of 29 U.S.C. §1163. As a result of the termination, and in accordance with 29 U.S.C. § 1162, Plaintiff was entitled to "continuation coverage" under the applicable group health plan in which she was enrolled at the time of her dismissal.

37. In violation of 29 U.S.C. §1166 (a), Defendant and/or its agent Peoples Insurance Company failed to provide the forms required for Plaintiff to elect to continue her health insurance under COBRA.

38. Plaintiff has sustained medical expenses in an amount to be determined at trial that would have been covered under Defendant's group health plan if Defendant and/or Peoples Insurance complied with the requirements of 29 U.S.C. §§1161(a) and 1166(a).

39. Plaintiff is further entitled to the statutory penalty set forth in 29 U.S.C. § 1132(c) of $100 per day for each day of the violation.

40. As a result of the conduct described above, Plaintiff has suffered a loss of income and benefits. Plaintiff has further suffered emotional distress and mental anxiety.

41. Plaintiff demands the following relief:

    a. reinstatement or front pay in lieu thereof;

    b. damages for all lost income and benefits, including medical expenses;

    c. compensatory damages;

    d. liquidated and/or punitive damages;

    e. statutory damages under 29 U.S.C. § 1132 (c);

   f.  reasonable attorney's fees and costs;

   g.  pre-judgment interest; and

   h.  all other legal and equitable relief to which she is entitled.

42. Plaintiff demands a trial by jury on all claims and issues triable by jury

          Respectfully submitted,

          s/ David Torchia
          David Torchia (0015962)
          Tobias, Torchia & Simon
          600 Vine Street, Suite 910
          Cincinnati, OH 45202
          (513) 241-8137
          Attorney for Plaintiff
          davet@tktlaw.com

# APPENDIX A